IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 111-001 |
| | ) | |
| AUSTIN BERNARD ELMORE | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 42).[1] The Magistrate Judge recommended that the Court deny Defendant's motion to suppress evidence obtained as the result of an encounter involving Defendant and Deputies Garner and Banks with the Richmond County Sheriff's Office that took place on October 28, 2010. (Doc. no. 33.) In his motion to suppress, Defendant contended that he was seized during the October 28th encounter, without reasonable suspicion, in violation of his Fourth Amendment rights. (Doc. nos. 22.) Following an evidentiary hearing during which the Court heard the testimony of Deputy Garner, the Magistrate Judge found that Defendant was not seized during the initial portion of the October 28th encounter and that, at the time he was seized, the seizure was supported by reasonable suspicion such that it did not run afoul of his Fourth Amendment rights. (Doc. no. 33, pp. 7-11.)

In his objections, Defendant asserts that he was seized at the outset of the October

---

[1] Defendant was granted an extension of time in which to file objections to the R&R to allow for the preparation of a transcript of the evidentiary hearing. (Doc. no. 38.)

28th encounter, at which point Deputies Garner and Banks stopped their car in front of a group of individuals, one of whom was Defendant, and proceeded to ask them why they were in the neighborhood and requested that they produce identification. Defendant also objects to, in his words, the Magistrate Judge's "determination that the officer misunderstood the term 'generalized suspicion.'" (Doc. no. 42, p. 4.) Defendant points out Deputy Garner's testimony in which he responded affirmatively to defense counsel's questions asking whether he had a "generalized" suspicion that Defendant had engaged in criminal activity. (See id. at 4-6.)

Upon consideration, the Court finds that Defendant's objections lack merit. Regarding the initial portion of the October 28th encounter, it is well-established that:

> Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen. Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search luggage - provided they do not induce cooperation by cooercive means.

United States v. Perez, 443 F.3d 772, 777-78 (11th Cir. 2006). Here, as explained in detail in the R&R, the deputies' conduct during the initial portion of the encounter was non-coercive and did not require justification under the Fourth Amendment. Moreover, contrary to Defendant's objections, the Magistrate Judge never found that Deputy Garner misunderstood the term "generalized." Rather, he sustained an objection based the use of a legal term of art in questioning Deputy Garner. (Doc. no. 40, pp. 18-19.) Moreover, as the Magistrate Judge made clear in the R&R, Deputy Garner's testimony indicated that his suspicion was "generalized" only in the sense that he could not initially pinpoint the precise

nature of the criminal activity in which Defendant had engaged. (See doc. no. 33, p. 10.) However, his testimony demonstrated that he had a reasonable, articulable suspicion that Defendant had engaged in criminal activity at the time Defendant's seizure took place. In particular, Deputy Garner testified he suspected Elmore was involved in criminal activity based on Elmore's presence in an area with recent burglaries, his giving of two different names when asked for identification, his nervous pacing, and his unsolicited attempts to corroborate his story. (Doc. no. 40, pp. 5, 8, 10-11.) Under these circumstances, the Court readily concurs with the Magistrate Judge's conclusion that Defendant's seizure was supported by reasonable suspicion.[2]

For these reasons, Defendant's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion to suppress is **DENIED**. (Doc. nos. 14, 22.)

SO ORDERED this ___ day of June, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court is also mindful of Defendant's objection "to the Magistrate's determination that [Defendant] obstructed justice." (Doc. no. 42, p. 6 n.2.) This objection refers to an exchange at the evidentiary hearing in which, addressing an objection by the government to the use of legal terminology in a question by Defendant's counsel, the Magistrate Judge commented that giving false identifying information to a police officer is obstruction of justice. (Doc. no. 33, pp. 18-19.) Because the Magistrate Judge's handling of the government's evidentiary objection did not involve a binding determination as to whether Defendant had committed obstruction of justice, or any other crime, and because no such finding was incorporated into the R&R currently under review, the Court concludes that Defendant's objection is without merit.

3